# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL T. BENNETT, | * |
| Plaintiff, | * |
| v. | *   1:17-CV-03505-ELR |
| MARVEL ENTERTAINMENT and MARK MILLAR, | * |
| Defendants. | * |

# ORDER

There are several matters before the Court, including Defendant Marvel Entertainment's "Motion to Dismiss, with Prejudice, Plaintiff's Second Amended Complaint" [Doc. 45]. The Court's rulings and conclusions are set forth below.

## I.   Background

On March 17, 2017, Plaintiff Michael T. Bennett, proceeding *pro se*, filed an action in the State Court of Gwinnett County, Georgia, against Defendants Marvel Entertainment ("Marvel") and its purported employee, Mark Millar ("Millar") (collectively, "Defendants"). Compl. [Doc. 1-1]. Plaintiff alleged, in a one-page

complaint, that Defendants committed criminal copyright infringement[1] for the theft of Plaintiff's 2008 *Owl Unlikely Crusader* and 2012 *Owl Knight's Quickening* books (collectively, "*Owl* books"). Plaintiff sought $1.2 billion in lost income. [Id.] On July 31, 2017, Plaintiff filed a "Motion to add Copyright Infractions to Claim," ("Motion to Amend"). [Doc. 3]. Plaintiff attached more than 300 pages to his Motion to Amend, which appeared to be Plaintiff's amended complaint ("300-page Amended Complaint").

On September 13, 2017, Defendant Marvel removed Plaintiff's suit from the State Court of Gwinnett County, Georgia, to this Court. [Doc. 1]. On October 20, 2017, Defendant Marvel jointly filed (1) a motion to dismiss Plaintiff's original complaint, (2) a motion to dismiss Plaintiff's 300-page Amended Complaint, and (3) Defendant Marvel's opposition to the Court allowing Plaintiff to amend his complaint. [Doc. 11-1].

On July 17, 2018, after careful review, the Court granted Defendant Marvel's motion to dismiss; however, given Plaintiff's *pro se* status, the Court allowed Plaintiff an additional opportunity to amend his complaint. [Doc. 36]. Specifically,

---

[1] While there is a criminal copyright infringement statute, 17 U.S.C. § 506, Plaintiff, as a private individual, cannot assert a private cause of action for criminal copyright infringement. Kelly v. L.L. Cool J., 145 F.R.D. 32, 39 (S.D.N.Y. 1992), aff'd sub nom., 23 F.3d 398 (2d Cir. 1994) ("[T]here is no private cause of action under the criminal provisions of the copyright law."). However, given Plaintiff's *pro se* status, Defendant Marvel construed "Plaintiff's claim to be one for civil copyright infringement." [Doc. 11-1 at 7]. The Court also construed Plaintiff's claim as one for civil copyright infringement.

the undersigned explained that Plaintiff's 300-page Amended Complaint was a shot-gun pleading that (1) did not specify which Defendant was responsible for which act and (2) failed to separate his allegations into different counts or claims for relief. [Id. at 6]. Furthermore, the undersigned explained that Plaintiff's extensive "comparisons" of the purportedly infringing Marvel works were insufficient to establish a valid copyright infringement claim that demonstrated that the works at issue were "substantially similar" such that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." [Id. (quoting Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 n.4 (11th Cir. 1994))].

On August 2, 2018, Plaintiff filed a "Motion to Resubmit New Paperwork as ordered on July 17, 2018 . . ." which the Court and Defendant Marvel construe as Plaintiff's Second Amended Complaint.[2] [Doc. 42]. On August 20, 2018, Defendant Marvel filed a "Motion to Dismiss, with Prejudice, Plaintiff's Second Amended Complaint" [Doc. 45], which is now ripe for the Court's review.

## II. Motion to Dismiss Legal Standard

When considering a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the complaint drawing all reasonable inferences in the

---

[2] That same day, Plaintiff filed a "Motion to Remove Mark Millar as Defendant," which the Court construes as a motion to dismiss Defendant Mark Millar. [Doc. 41]. Defendant Marvel filed a response in non-opposition to Defendant Millar's dismissal. [Doc. 44]. The Court grants Plaintiff's motion to dismiss Defendant Millar as unopposed.

light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); U.S. v. Stricker, 524 F. App'x 500, 505 (11th Cir. 2013) (per curiam). Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S 662, 678 (2009) (quoting Twombly, 550 U.S. at 555); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Further, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This so-called "plausibility standard" is not akin to a probability requirement; rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. Id.

### III. Discussion

> Two elements must be proven to establish copyright infringement: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994). To establish copying, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so "substantially similar" that an average lay observer would recognize the alleged copy as having been appropriated from the original work. *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002). If the plaintiff cannot show access, the plaintiff may still prevail by demonstrating that the works are "strikingly similar." *Id.* at

4

> 1232 n.6. Striking similarity exists where the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence, and prior common source are, as a practical matter, precluded. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007).
>
> . . .
>
> While expression is protected, ideas are not. *See* 17 U.S.C. § 102(b). In addition to broad ideas, noncopyrightable material includes *scènes à faire*, those stock scenes that naturally flow from a common theme. *Beal*, 20 F.3d at 459–60. Lists of similarities between two works are inherently subjective and unreliable, particularly where the list contains random similarities, as many such similarities can be found in very dissimilar works. *Id.* at 460.

Singleton v. Dean, 611 F. App'x 671, 672 (11th Cir. 2015).

Although the Court recognizes that "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," nothing requires a district court to waste judicial resources attempting to decipher an unintelligible pleading. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam); see Peavey v. Black, 476 F. App'x 697, 699 (11th Cir. 2012) (per curiam) (affirming dismissal of *pro se* complaint that was "unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for the defendants to know what [the plaintiff was] claiming, against whom, and on what grounds").

Again, the Court has diligently attempted to determine the wrongs for which Plaintiff seeks redress. It appears that Plaintiff again claims that Defendants, in creating the productions *Captain America: Winter Soldier*, *Ant-Man*, *Captain America: Civil War*, *Guardians of the Galaxy*, *Avengers: Age of Ultron*, and *Agents*

5

of *S.H.I.E.L.D.*, copied Plaintiff's self-published *Owl* books. In his Second Amended Complaint, Plaintiff added additional Marvel works that he alleges Defendant copied from his *Owl* books: *Captain America: The First Avenger*; *The Avengers*; *Iron Man 3*; *Spider-Man: Homecoming*; *Thor: Ragnarok*; *Black Panther*; *Avengers: Infinity War*; and *Ant-Man and the Wasp*. Throughout most of his Second Amended Complaint, Plaintiff compares his *Owl* books with these above-mentioned Marvel productions with few references to the specific Marvel production for comparison, and instead, generally refers to the Marvel characters most of the time.[3] For example, like his First Amended Complaint, Plaintiff compares his character Owl's mechanized wings with Marvel's character Falcon's mechanized wings, [Compare Doc. 1-1 at 49-54 with Doc. 42-7 at 10], and states that his character "Owl's use of a parachute is like Falcon's use of a parachute." [Compare Doc. 1-1 at 40 with Doc. 42-7 at 22].[4]

Just as the Court explained in its July 17, 2018 Order, these blanket assertions regarding the purported similarities between Plaintiff's *Owl* books and the Marvel

---

[3] Defendant points out in its motion to dismiss, that Plaintiff attached evidence of his copyright registration for his 2012 *Owl* book but not his 2008 *Owl* book. While not determinative of the Court's granting of Defendant's motion, *infra*, Plaintiff did not attach this registration to his Second Amended Complaint as evidence of the first prong of his copyright infringement claim.

[4] As additional examples, Plaintiff also asserts that "Owl walking to his desk and seeing Morikaido is like Captain America walking up to Fury's desk and seeking Fury" [Doc. 42-7 at 3]; "Owl seeing a little kid is like Captain America seeing a little kid" [Id. at 5]; "Owl wearing street clothes while he uses his wings is like Falcon wearing street clothes while he uses his wings" [Id. at 7]; "Owl being seen on camera is like Captain America being seen on camera" [Id. at 9]; "Owl using a laptop is like Captain America using a laptop" [Id. at 15]; and "Owl being knocked to the floor is like [t]he scientist/doctor being knocked to the ground" [Id. at 16].

6

productions appear to be broad ideas found in most action movies and comic books and *scènes à faire*, rather than copyright infringement. More specifically, Plaintiff's numerous attempts to compare his *Owl* books with the Marvel productions, while wide-ranging, are generalized rather than "substantially similar" or "strikingly similar." See Singleton, 611 F. App'x at 672 (affirming district court's dismissal of *pro se* plaintiff's copyright infringement complaint by stating "[Plaintiff] has not shown any examples of copyright infringement, because the alleged similarities either do not exist or concern broad ideas or *scènes à faire*. Her complaint points to a list of random similarities between two books, which is exactly what this Court rejected as evidence of copyright infringement in *Beal*.").

Furthermore, as previously explained by the Court, Plaintiff's Second Amended Complaint is more of a diary-like comparison than a complaint. See Yeyille v. Miami Dade Cty. Public Schools, 643 F. App'x 882, 884 (11th Cir. 2016) ("[T]he district court correctly concluded that [plaintiff]'s third amended complaint . . . was a shotgun pleading. Rather than using short and plain statements as required by the Federal Rules, the third amended complaint included an 85-paragraph fact section spanning 31 pages, much of it written in narrative, diary-like form."). Thus, Plaintiff's Second Amended Complaint fails to state a claim.

Accordingly, for all these reasons, the Court grants Defendant Marvel's motion to dismiss Plaintiff's Second Amended Complaint [Doc. 45].

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Marvel's "Motion for Withdrawal of Sarah LaFantano as Counsel" [Doc. 34]; **DENIES** Plaintiff's "Motion to inquire why Ms. Sarah Parker LaFantano resigned her position at Alston & Bird" [Doc. 37]; **DENIES** Defendant Marvel's Motion for Attorneys' Fees related to Plaintiff's inquiry [Doc. 40]; **GRANTS** Plaintiff's "Motion to Remove Mark Millar as Defendant" [Doc. 41]; **GRANTS** Plaintiff's "Motion to Resubmit New Paperwork as ordered on July 17, 2018 . . ." [Doc. 42]; **GRANTS** Defendant Marvel Entertainment's "Motion to Dismiss, with Prejudice, Plaintiff's Second Amended Complaint" [Doc. 45]; **DISMISSES WITH PREJUDICE** this action; and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 11th day of January, 2019.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia